UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLORIA CARRANZA ORELLANA, | § § § |
| Petitioner, | § § |
| VS. | §   CIVIL ACTION NO. 4:25-CV-06075 |
| KRISTI NOEM, *et al.*, | § § § |
| Respondents. | § § |

## ORDER OF DISMISSAL

The petitioner, Gloria Carranza Orellana, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her continued detention. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 10), to which petitioner has filed a response in opposition (Doc. No. 11).

The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection. Petitioner contends that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that she has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Her arguments regarding sections 1225 and 1226 are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, ---

F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Likewise, Petitioner's arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez*. See *Maldonado Bautista*, 2025 WL 3713987, at *8-12.

In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Finally, Petitioner's claims under the Administrative Procedure Act ("APA"), for a stay of removal, and under the Suspension Clause are unavailing. The APA claim fails because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704. The stay of removal claim fails because this court lacks jurisdiction to order any stay of removal. The Suspension Clause claim fails because Petitioner has not been deprived of the opportunity to file a habeas petition regarding her detention claim.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.
2. Respondents' motion for summary judgment (Doc. No. 10) is **GRANTED**.
3. This case is **DISMISSED without prejudice**.

4. All other pending motions, if any, are **DENIED as MOOT**.

5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to this Order or to the panel decision in *Buenrostro-Mendez v. Bondi*, *supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED this ___13th___ day of February 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE